IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MANASSEH ROYDREGO SKINNER, | : |
| Petitioner, | : |
| VS. | :    **1 : 13-CV-36 (WLS)** |
| Sheriff KEVIN SPROUL, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this federal habeas action is the Respondent's Motion to Dismiss the Petition as unexhausted. (Doc. 9). The Petitioner challenges his 2010 Dougherty County convictions and sentences for aggravated assault and violation of Georgia's gang statute. Petitioner was sentenced to ten (10) years, three (3) to serve on the aggravated assault conviction, and was sentenced to five (5) years probation on the gang statute violation, to be served consecutively. (Doc. 9-2). As a result of these convictions, the Petitioner is confined at the Dougherty County Jail.

Following his convictions, Petitioner filed a Motion for New Trial in the Superior Court of Dougherty County, which was denied on February 1, 2012. Petitioner then filed a direct appeal of his convictions to the Georgia Court of Appeals, raising two (2) grounds for relief. Petitioner's convictions and sentences were affirmed on appeal on October 25, 2012. *Skinner v. State,* 318 Ga. App. 217, 733 S.E.2d 506 (2012). The Respondent maintains that all of Petitioner's claims for federal habeas relief remain unexhausted in the state system, as Petitioner did not pursue any direct or collateral challenge to his convictions and sentences after filing his direct appeal.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that a court shall not grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *Id.* at 845. "Before a state prisoner may file a federal habeas petition, he must exhaust his state remedies by petitioning the highest court in the state in which he is being held when such review is part of the ordinary appellate review procedure." *Jackson v. Walker*, 206 Fed.Appx. 967, 968 (11th Cir. 2006). Contrary to the Respondent's assertions, in order to satisfy the exhaustion requirement, "[i]t is settled that a habeas petitioner need not have sought state habeas relief so long as he has exhausted his direct appeal remedies." *Martin v. Sec'y., Dep't. of Corrections*, 262 Fed.Appx. 990, 992 (11th Cir. 2008).

The Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *Toulson v. Beyer*,

2

987 F.2d 984, 987 (3rd Cir. 1993); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fla. 2001).  The Petitioner's response to the Respondent's Motion to Dismiss does not establish any level of exhaustion, as Petitioner continues to challenge only the merits of his convictions and the bases therefore.

Petitioner raises twenty-six (26) grounds for relief in his original Petition and Amended Petition.  (Docs. 1,7).  Petitioner raised two (2) of these grounds, Grounds 1 and 2, in his Motion for New Trial in the trial court and in his direct appeal to the Georgia Court of Appeals, where his convictions and sentences were affirmed.  (Docs. 9-2, 9-3).  Arguably, these two (2) grounds for relief are exhausted.  *See Hill v. Washington*, 441 F.3d 1374 (11th Cir. 2006) (noting November 2004 Georgia Supreme Court Rule 40 declaring claims raised on direct appeal and resulting in an adverse decision by the Court of Appeals exhausted, but finding it unnecessary to decide whether this rule removes the Georgia direct appeal process from the influence of *Boerckel*); *Skillern v. State of Georgia*, 202 Fed.Appx. 403, 408 (11th Cir. 2006) (noting *Hill* holding that claim presented to Georgia Court of Appeals and upon which relief is denied is deemed exhausted); *Smith v. Ammons*, 2007 WL 4481525 (S.D.Ga. Dec. 17, 2007) (noting that Georgia Supreme Court had opted out of the *Boerckel* requirement that exhaustion required appeal to highest court of the state).  However, the four (4) new grounds raised in Petitioner's original Petition and the twenty (20) new grounds added in Petitioner's Amended Petition were not raised in any proceeding in the state system and remain unexhausted.[1]

---

[1] Although Petitioner's unexhausted claims may be procedurally defaulted under O.C.G.A. § 9-14-48, the record before the Court does not make it clear that procedural default has occurred, i.e., Petitioner failed to timely object or otherwise raise the claims in the trial court.  Thus, the Court does not have an adequate basis upon which to rule the unexhausted claims procedurally defaulted.  *See Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court ***if it is clear*** that the state court would hold the claim procedurally barred."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("***when it is obvious*** that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default", court can find

3

In regard to mixed petitions (petitions containing both exhausted and unexhausted grounds), the Eleventh Circuit Court of Appeals has ruled that "the ordinary disposition is to either dismiss it in its entirety, or grant a stay and abeyance."  *King v. Chase*, 384 Fed.Appx. 972, 974 (11th Cir. 2010).  Pursuant to the dictates of *Rhines v. Weber*, 544 U.S. 269 (2005), "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Thompson v. Sec'y. for the Dep't. of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277-79). The stay and abeyance procedure, however, should only be used in these limited circumstances. *Rhines*, 544 U.S. at 277.

Herein, the Petitioner has not shown good cause as to why he failed to exhaust Grounds 3 through 26 in state court, nor has he established that his claims are potentially meritorious or that he did not intentionally engage in dilatory litigation practices in failing to bring the claims at the state level.   The Court finds an inadequate basis upon which to issue a stay and hold this Petition in abeyance. *See Pruitt v. Jarriel*, 2008 WL 4660958 (S.D.Ga. Oct. 21, 2008) (finding mixed habeas petition should be dismissed rather than stayed based on lack of showing of good cause for failure to exhaust).   Additionally, there is no indication that "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief", thereby obviating the need to allow Petitioner to choose to delete the unexhausted claims.  *Rhines*, 544 U.S. at 278 (noting that if dismissal of entire petition would impair the petitioner's right to obtain federal relief, the court should allow petitioner to delete unexhausted claims and proceed with exhausted claims).

Accordingly, as the Petitioner has failed to exhaust available state court remedies regarding

---

claims procedurally defaulted) *emphasis added*.

4

Grounds 3 through 26 raised in this federal habeas Petition, but has arguably exhausted Grounds 1 and 2, it is the recommendation of the undersigned that the Respondent=s Motion to Dismiss be **GRANTED** and that this mixed federal habeas corpus Petition, as amended, be **DISMISSED** as containing both exhausted and unexhausted grounds, without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.  Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. ▪ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 20th day of September, 2013.

                                                                s/   *THOMAS Q. LANGSTAFF*
                                                                UNITED STATES MAGISTRATE JUDGE

asb