**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MANASSEH ROYDREGO SKINNER, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No.: 1:13-CV-36 (WLS) |
| : | |
| SHERIFF KEVIN SPROUL, : | |
| : | |
| Respondent. : | |
| : | |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed September 20, 2013. (Doc. 13.) Therein, Judge Langstaff recommends granting Respondent's Motion to Dismiss Petitioner's Petition for Habeas Corpus for failure to exhaust. (*Id.* at 5.) Petitioner did not file an objection to Judge Langstaff's Recommendation. (*See generally* Docket.)

Petitioner's Petition for Writ of Habeas Corpus and amendment contain a total of twenty-six grounds for relief. (*See* Docs. 1 & 7.) Petitioner's first two grounds for relief relate to an officer's testimony at trial and a jury instruction. (Doc. 1 at 5-7.) Judge Langstaff notes that those two grounds are at least arguably exhausted. That result is based on the rule announced in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). That case notes that "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *Id.* at 844 (citing *Castille v. Peoples*, 489 U.S. 346, 349-50 (1989)) (emphasis in original). In *O'Sullivan*, the Court found that the petitioner was required to petition the Illinois Supreme Court based on the Rules of the Illinois Supreme Court. *See id.* at 843. The language of the pertinent Georgia Supreme

1

Court Rule differs from the Illinois Rule, and the Eleventh Circuit has not yet addressed how *O'Sullivan* applies to the Georgia Supreme Court Rule. Thus, as Judge Langstaff noted, it is at least arguable that Petitioner has exhausted his first two claims for relief. (*See* Doc. 13 at 3.)

Nonetheless, the Court agrees with Judge Langstaff's recommendation to dismiss Petitioner's Petition because it contains both exhausted and unexhausted grounds for relief. This is the proper action because Petitioner does not meet the requirements for the Court to grant a stay and abeyance. *See Isaac v. August SMP Warden*, 470 F. App'x 816, 818-19 (11th Cir. 2012).

Accordingly, United States Magistrate Judge Thomas Q. Langstaff's September 20, 2013 Recommendation (Doc. 13) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Thus, Defendant's Motion to Dismiss (Doc. 9) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.** Also, because Plaintiff has failed to make a showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability is **DENIED.**

**SO ORDERED**, this 16th day of December, 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**